IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES NGUTI,

    Plaintiff,

v.                                    Civil Action No. PX 15-742

SAFECO INSURANCE COMPANY,

    Defendant.

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending in this breach of contract case is Defendant Safeco Insurance Company's motion for summary judgment or, in the alternative, to limit facts and issues not in dispute. ECF No. 69. Also pending is Plaintiff Charles Nguti's motion for leave to file surreply. ECF No. 79. For the reasons stated below, Defendant's motion is granted in part and denied in part. Plaintiff's motion is denied.

**I.    BACKGROUND**[1]

On January 26, 2012, a fire broke out at the home of Plaintiff Charles Nguti ("Nguti") in Hyattsville, Maryland which destroyed or damaged most of Nguti's personal belongings. ECF No. 2 at 2. Nguti notified his insurance carrier, Defendant Safeco Insurance Company ("Safeco"), of the fire the same day. *Id.* The fire left Nguti homeless until February 1, 2012, when Safeco, through CRS, a third party agency, provided temporary housing for Nguti and his family. *Id.*

Safeco investigated the fire for several months, ultimately disclaiming coverage for the damage on July 29, 2012. According to Nguti, Safeco's disclaimer was without notice or

---

[1] These facts are taken from Nguti's Complaint and otherwise construed in the light most favorable to him as the nonmoving party.

"justifiable reason." *Id.* at 4. This denial of coverage led to Nguti's mortgage lender arranging for force-placed insurance. *Id.* at 5.[2] Nguti then filed a complaint with the Maryland Insurance Administration ("MIA") to dispute Safeco's cancellation. *Id.* Following an MIA investigation, Safeco reinstated the same insurance policy and noted that Nguti suffered "no lapse in coverage." ECF No. 69-16 at 2; *see* ECF No. 2 at 5.

On August 3, 2012, a CRS agent notified Nguti that his temporary housing would come to an end on September 2, 2012. ECF No. 2 at 3. Then, on September 25, 2012, Safeco formally denied coverage of Nguti's insurance claims related to the fire. *Id.*

On December 18, 2014, Nguti filed a four-count complaint against Safeco in the Circuit Court for Prince George's County, Maryland. ECF No. 2. Following timely removal, Safeco filed a partial motion to dismiss on Counts One and Four. ECF No. 13. The Court granted the motion in part. ECF Nos. 28 & 29. It denied the motion as to Count Four and granted it as to Count Two. *Id.* Thus, Counts One, Three, and Four remain.

In Count One, Nguti claims that Safeco breached its insurance contract in failing to reimburse Nguti for the personal property lost or damaged as a result of the fire, and for which Nguti seeks damages of $120,000. ECF No. 2 at 3. Count Three also claims a breach of contract in Safeco's failure to reimburse Nguti for $32,400 of living expenses arising from Safeco's termination of temporary housing. *Id.* at 4. Count Four alleges wrongful termination of the pertinent insurance policy. On this count, Nguti seeks a refund for the premiums paid for the force-placed insurance policy that Nguti claims he purchased when Safeco cancelled his homeowner's insurance, or any other relief that the Court deems proper. *Id.* at 5.

---

[2] Force-placed insurance is an insurance policy placed by a lender, bank or loan servicer on a home when the insurance on the borrower's property is cancelled or deemed insufficient, and the property owner does not secure a replacement policy.

On December 20, 2016, Safeco filed a motion for summary judgment or, in the alternative, a motion to limit facts and issues not in dispute. ECF No. 69. Principally, Safeco seeks summary judgment for a failure of proof on damages, or alternatively, a Court Order limiting the triable issues as to damages and the nature and cause of the fire. *Id.* For the following reasons, the Court grants Safeco's motion on summary judgment as to Nguti's claimed actual damages.

## II. STANDARD OF REVIEW

A court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material fact at issue might "reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). "Furthermore, a court should not grant summary judgment 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances.'" *Campbell v. Hewitt, Coleman & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994) (quoting *Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co.*, 381 F.2d 245, 249 (4th Cir. 1967)).

Nevertheless, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Although "given some latitude . . . even a pro se party may not avoid summary judgment by relying on

bald assertions and speculative arguments." *Mansfield v. Kerry*, No. DKC 15-3693, 2016 WL 7383873, at *2 (D. Md. Dec. 21, 2016) (citing *Smith v. Vilsack*, 832 F. Supp. 2d 573, 580 (D. Md. 2011).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citations omitted). At the same time, the court must construe the facts presented in the light most favorable to the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

Safeco also asks the Court to enter an order limiting the facts and issues not in dispute. Rule 56(a) of the Federal Rules of Civil Procedure permits a party to move for partial summary judgment by identifying "each claim or defense—or the *part* of each claim or defense—on which summary judgment is sought." (emphasis added). A motion for partial summary judgment is recognized as a useful pretrial tool; the Advisory Committee Notes to the 1946 amendment to Rule 56 state: "The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication . . . serves the purpose of speeding up litigation by" narrowing the issues for trial to those over which there is a genuine dispute of material fact. *Rotorex Co. v. Kingsbury Corp.*, 42 F. Supp. 2d 563, 570–71 (D. Md. 1999) (internal quotation marks omitted) (noting that "numerous courts have entertained and decided motions for partial summary judgment addressing particular issues.").

## III. ANALYSIS

### A. Choice of Law

Safeco removed this action from the Circuit Court of Montgomery County on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Sitting in diversity, this Court applies the law of the forum state, which is Maryland. *See Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) ("A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules."). Both parties agree that Maryland law governs this case. *See* ECF No. 2 at 1; ECF No. 69-1 at 12.

### B. Safeco's Motion for Summary Judgment

#### 1. Damages

Safeco first argues that it is entitled to summary judgment in its favor because the evidence, even when construed most favorably to Nguti, does not support Nguti's claimed damages. *See* Def.'s Mot. Summ. J., ECF No. 69-1 at 12; *id.* at 9 n.4 ("Defendant acknowledges that there is a dispute between the parties as to whether the Plaintiff or those acting in concert with him started the fire at issue. Defendant is not seeking a motion for summary judgment on this disputed issue.").

It is fundamental that the Plaintiff bears the burden of proving alleged damages with "reasonable certainty." *Kirby v. Chrysler Corp.*, 554 F. Supp. 743, 752 (D. Md. 1982). "Speculation or conjecture" is insufficient. *Id.* Reasonable certainty does not require "mathematical precision." *David Sloane, Inc. v. Stanley G. House & Assocs., Inc.*, 311 Md. 36, 41 (1987) (quoting *M & R Contractors & Builders, Inc. v. Michael*, 215 Md. 340, 349 (1958)).

However, the evidence must "lay some foundation enabling the fact finder to make a fair and reasonable estimate of the amount of the damage." *PFB, LLC v. Trabich*, No. WDQ-07-0961, 2008 WL 6722764, at *4 (D. Md. Apr. 23, 2008) (quoting *Della Ratta, Inc. v. Am. Better Cmty. Developers, Inc.*, 38 Md. App. 119 (1977)), *rev'd on other grounds*, 304 F. App'x 227 (4th Cir. 2008). Where Plaintiff fails to marshal some evidence of damages, the Court may grant summary judgment on this issue. *See, e.g.*, *Kurland v. ACE Am. Ins. Co.*, No. JKB-15-2668, 2017 WL 354254, at *4 (D. Md. Jan. 23, 2017) ("Because Plaintiffs failed to present any evidence on the extent of the water damage [losses] they suffered, [Defendant] is entitled to summary judgment on this issue"); *Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2013 WL 6036694, at *7 (D. Md. Nov. 12, 2013) ("[I]f [Plaintiff] cannot show with reasonable certainty what its damages are, its potential recovery is limited to nominal damages.").

In breach of contract claims, however, the Plaintiff need not demonstrate specific proof of actual damages because if a jury finds for Plaintiff on liability, it may always award nominal damages. *Cottman v. Maryland, Dep't of Natural Res.*, 51 Md. App. 380, 384 (Md. Ct. Spec. App. 1982) ("It is well settled that every injury to the rights of another imports damage, and if no other damage is established, the party injured is at least entitled to a verdict for nominal damages.") (internal quotation marks and citations omitted); *see also PFB, LLC v. Trabich*, 304 F. App'x 227, 228 (4th Cir. 2008) ("It is not necessary that the plaintiff prove damages resulting from the breach, for it is well settled that where a breach of contract occurs, one may recover nominal damages even though he has failed to prove actual damages.") (citations omitted). *Cf. Planmatics, Inc. v. Showers*, 30 F. App'x 117, 118 n.1 (4th Cir. 2002) (citing *Stueber v. Arrowhead Farm Estates Ltd. P'ship*, 69 Md. App. 775 (Md. Ct. Spec. App. 1987)). For this reason, Nguti's breach of contract claims will proceed to the jury.

6

But this does not end the analysis because, in large part, Nguti has failed to generate sufficient evidence to proceed on actual damages. In Count One, Nguti pleaded in his complaint $120,000 in personal property damages as a result of the fire. *See* Complaint, ECF No. 2 at 3. Nguti's insurance policy allows for recovery for personal property damage. ECF No. 69-4 at 33. However, Nguti has generated no evidence to support his claim. Nguti never adequately itemized such damages in his answers to Safeco's interrogatories and responses to requests for production of documents. *See* Discovery Timeline, ECF No. 69-7.[3] Safeco also subpoenaed the records of American Claims Management Services ("ACMS"), the public adjusting firm hired to prepare Nguti's property loss claim, to ascertain the value of his claimed lost property. Gould Dep. 6:15-24, ECF No. 83 at 3 (Sealed). Although ACMS inventoried Nguti's claimed lost property (i.e. "1 Bissell Power Force Bagless Vacuum Cleaner … 1 Heat Press Magic Steam Press 7… [one] 5' Wooden Buffet 4 Lower Cabinet Doors"), ECF No. 69-9, the inventory did not include any information about the items' age, condition, value, or purchase price at the time of acquisition or destruction. *Id.* Similarly, David Gould, ACMS's public adjuster who personally worked on Nguti's claim, testified that no evidence existed to place a monetary value on Nguti's property loss. *See* ECF No. 69-1 at 6; Gould Dep. 30:9-17, 69-10 at 5. Finally, not even Nguti himself could put a dollar value on his lost property. Nguti Dep. 182:16-183:1, ECF No. 69-11 at 6.

Nguti counters that additional information as to damages is "impossible" to provide because it is "difficult and unreasonable to compute a detail[ed] report of each item in a burned

---

[3] On November 9, 2016, the Court entered an Order warning Nguti that "failure to provide complete answers and responses could jeopardize his right to present the relevant evidence at trial." ECF No. 60. The Order further mandated Nguti to supplement his previous interrogatory answers and responses by the close of discovery, specifically, "information, itemization, and documentation" relating to his alleged damages. ECF No. 69-1 at 4; s*ee also* ECF No. 60. Despite the Court Order, Nguti generally failed to respond to Safeco's interrogatories. He again objected to Safeco's request as being "overly broad and burdensome to identify each [i]tem including purchase price, market value, and location." ECF No. 70-1 at 16 (Sealed). He did, however, include a generic, categorical list of items in his response. *See id.* ("[b]elts, coats & jackets, gloves, hats, shirts, shoes, socks . . . .").

ho[me]." ECF No. 72 at 9. Nguti points to 330 pictures of the burned items, one receipt,[4] and an invoice for several computers, monitors, and laptops valued at $4,838 as his proof of property loss. *See* ECF No. 72-2. This, along with Nguti's assertion that Safeco expended "above $70,000 in structural restoration" on his damaged residence, is all of the evidence he offers of his actual damages sustained. ECF No. 72 at 9.

Nguti misses the mark. Although ascertaining property loss may prove difficult, it still remains Nguti's burden to so prove. *Cf. Yacoubou v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 623, 637 (D. Md. 2012), *aff'd sub nom. Adam v. Wells Fargo Bank*, 521 F. App'x 177 (4th Cir. 2013) (granting summary judgment for defendant because "[t]he law requires a plaintiff to provide concrete proof of damages for breach of contract . . . ."). Nguti provides little to no evidence customary of demonstrating property loss such as receipts, copies of checks, or any other means of computation that would allow a factfinder to value his claimed loss. *Cf. Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2013 WL 6036694, at *8 (D. Md. Nov. 12, 2013) (granting summary judgment for defendant after plaintiff, "after discovery," was unable to place a number value on the damages it sought). Simply put, there is no way to ensure that Nguti's damages are the product of anything more than guesswork. Accordingly, summary judgment on actual damages, apart from the one receipt and invoice he has submitted, is granted.

Similar to Nguti's personal property damages claim, Nguti's claim for $32,400 in living expenses in Count Three also lacks evidentiary support. After Safeco stopped paying for Nguti's temporary residence, Nguti moved to another home. Safeco learned in discovery that this new home was owned by Court Judgment Enforcement, LLC, which is itself owned and operated by Nguti and his wife. *See* Nguti Dep. 187:8–10, ECF No. 69-11 at 7; Nguti Dep. 99:20–100:18,

---

[4] The price on this receipt is illegible. ECF No. 72-2 at 54.

ECF No. 69-11 at 4. Nguti further admitted in deposition that while he claims to have executed a lease agreement on the new residence, he never actually paid rent during the time he lived in his property. Nguti Dep. 186:20–188:5, ECF No. 69-11 at 7. Nguti admitted that his claim is based on little more than the age-old adage "nobody lives for free." Nguti Dep. 187:19-22, ECF No. 69-11 at 7. The purported leasing agent for this same property also refused to answer in his deposition whether Nguti ever paid rent for the residence. Bangarie Dep. 41:4-6, ECF No. 69-14 at 3. Accordingly, Nguti's claimed additional living expenses of $32,400 are without foundation. Safeco's partial motion for summary judgment to damages as to Count Three is granted.[5]

In Count Four, Nguti seeks damages related to the force-placed insurance policy that he claimed to have incurred for the interim period when Safeco's policy lapsed. Nguti's Complaint seeks a Court order requiring Safeco to "refund" an unspecified amount as compensation for obtaining the force-placed policy. ECF No. 2 at 5. Nguti has produced no evidence of any monies that he *actually* paid to obtain this insurance. Nguti admitted at deposition that he did not recall whether he paid anything for this insurance, adding that he believed the payments were "included in [his] mortgage." Nguti Dep. 196:12-15, ECF No. 69-11 at 9. Indeed, the only document on which Nguti relies is correspondence from his mortgage holder, Indymac, stating that it had purchased force-placed insurance on his property in the absence of "acceptable evidence of fire insurance coverage." ECF No. 69-15 at 2; *see also* ECF No. 72-4 at 2. This Indymac correspondence notes an "annual charge" of $1,331.00 that was "charged to your account." ECF No. 69-15 at 2. But the Indymac correspondence also notes that should Nguti produce proof of insurance, Indymac will "cancel the insurance that we purchased as of the

---

[5] Nguti initially claimed $32,400 in additional living expenses in his complaint, but then later asserted the same loss was $35,100, raising additional suspicion that he could not prove loss with "reasonable certainty." *See Nat. Prod. Sols., LLC v. Vitaquest Int'l, LLC*, No. CCB-13-436, 2014 WL 6383482, at *8 (D. Md. Nov. 13, 2014).

effective date of your coverage and credit any unearned premium to your account." *Id.* at 3.
Safeco ultimately reinstated its insurance policy but denied Nguti's claim related to the fire, which means that from time of reinstatement, Nguti would not have needed to incur the force-placed insurance expense. In this regard, Nguti marshals no evidence that he actually paid for force-placed insurance for any time frame. Without any proof that Nguti actually paid for this insurance, no credible evidence exists that this constitutes an actual loss to Nguti arising from Safeco's cancellation of coverage. Summary judgment as to Count Four on actual damages, therefore, is granted.

**2.     Nature and Origin of the Fire**

Finally, Safeco requests that the Court effectively direct the jury to find that the fire was set by human hands. ECF No. 69-1 at 20. Safeco claims that both the Prince George's County Fire Department and its own expert concluded that the fire was incendiary, ignited by human hands, and intentional. *Id.* Safeco further contends that Nguti does not challenge these conclusions, and so he should be precluded from arguing the contrary at trial.

The Court disagrees. First and most troubling, Safeco mischaracterizes the experts' reports. Although the Fire Department concluded that the fire was the result of human error, it did not conclude that the fire was set *intentionally*. ECF. No. 69-17 at 9.  Safeco's expert would not even go that far, opining only that "[t]he specific ignition sequence and cause of the fire was inconclusive at the time of [the] inspection." ECF No. 69-18 at 5. That the expert noted "the probability of human intervention and the application of an open-flame device could not be eliminated" is *not* the same as concluding the fire was set by a person. *Id.*

Second, contrary to Safeco's representations, Nguti does not agree that the fire was set by a person. Throughout his deposition, Nguti in fact testifies that "I don't know what caused the

origin of the fire" and "I don't know how it started." Nguti Dep. 125:2-6, ECF No. 69-11 at 5. When Safeco asked Nguti, "you have no reason to dispute the conclusion that it was intentionally set . . . correct," Nguti responded specifically: "I don't know about the intentional part, that it was intentionally set. Who said it was intentionally set?" Nguti Dep. 126:6-12, ECF No. 84 at 33 (Sealed). Again, when asked if he disputes that someone intentionally set the fire, Nguti testifies "I don't know the cause and the origin. So I can't dispute what I don't know." Nguti Dep. 126:20–21, ECF No. 84 at 33 (Sealed). *See also* ECF No. 70-1 at 8 (Sealed) ("plaintiff has no knowledge of nature [sic] of the occurrence and how it started."). Thus, in the Court's view, the nature and origin of the fire remain in dispute. Accordingly, Safeco's motion is denied in this respect.

### C. Nguti's Motion for Leave to File Surreply

On March 22, 2017, Nguti filed a "Motion For Leave to File a Sur-Reply In Opposition to Defendant's Motion For Summary Judgement and/or In The Alternative, Motion To Limit Facts and Issues Not In Dispute." ECF No. 79. Surreply memoranda are disfavored in this District. *See Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013); *see also* Local Rule 105.2.a (D. Md. July 2016) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). The Court may grant leave to file a surreply "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (per curiam). In his motion, Nguti asserts that Safeco's reply contains "various factual errors" and believes that a "sur-reply brief may be [his] only opportunity to correct the inaccuracies in Defendants' reply brief." ECF No. 79 at 2. However,

Safeco's reply does not contain allegations or arguments that it did not present it its initial brief. Accordingly, the motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Safeco Insurance Company's motion for summary judgment is granted with respect to actual damages and denied in all other respects. Plaintiff's Charles Nguti's motion for leave to file surreply is denied. A separate order follows.

6/27/2017
Date

/S/
Paula Xinis
United States District Judge